*FORT DEFIANCE HOUSING CORPORATION*
Plaintiff-Appellee
*vs.*
*Mari Rachael ALLEN*
Defendant-Appellant

In the Supreme Court of the Navajo Nation

No. SC-CV-01-03

June 7, 2004

William Cooke, Esq., Farmington, New Mexico, for Defendant-Appellant.

Sampson Martinez, Esq., Gallup, New Mexico, for Plaintiff-Appellee.

Before FERGUSON, Acting Chief Justice and HOLGATE, Associate Justice by designation.

Opinion delivered by FERGUSON, Acting Chief Justice.

This matter comes before the Court on several motions by the parties. We remand the case to the district court for proceedings consistent with this opinion.

## I

The facts and procedural history are taken from the Shiprock District Court's Judgment. Mari Racheal Allen (Appellant) lives in the Shiprock Northwest Subdivision managed by Fort Defiance Housing Corporation (Appellee). The parties entered into a stipulation for Appellant to make previously owed payments. Appellant failed to make the full payments to Appellee. Appellee filed a complaint for forcible entry and detainer to evict Appellant from her residence. The district court held a hearing, and after the hearing ruled in favor of Appellee.

In its Order dated February 21, 2002 the court awarded possession of the residence to Appellee and required Appellant to pay $3,349 in back payments. The Order indicated that "[if Appellant] fails to pay the arrearage of $3,349.00 then [Appellant] shall vacate the premise[s]." The Order did not set a deadline for the payment of the arrearage. Due to this oversight, the court issued an Amended Order dated March 12, 2002, indicating that Appellant had to move in two weeks. Appellant filed a notice of appeal on March 22, 2002, twenty-nine days after the original order.

This Court dismissed the original appeal in this case, and the present appeal comes from a January 6, 2003 order of the district court. This Court issued an order in No. SC-CV-11-02 dismissing the case because of the district court's grant of a motion to stay the Order requiring Appellant to move. The district court lifted the stay on January 6, 2003. Appellant filed a second notice of Appeal on January 13, 2003, resulting in the present case.

There are several pending motions. Appellant moves this court to stay execution of the judgment, to enlarge the time to file a transcript, and to set an appeal bond. Appellee moves this Court to dismiss the appeal as untimely and because Appellant failed to file an appeal bond.

## II

The issue in this case is whether a notice of appeal must be filed in forcible entry and detainer cases within five days of the district court's judgement.

## III

We deal with Appellee's motion to dismiss first. Appellee bases its motion to dismiss on the alleged late filing of Appellant's first notice of appeal.[1] Appellee argues that an appellant must file a notice of appeal within five days of a judgment in forcible entry and detainer cases under 16 N.N.C. § 1807. Appellant disagrees, arguing that Rule 23 of the Navajo Rules of Civil Appellate Procedure (NRCAP) allows thirty days to file a notice of appeal. If Appellee is correct, we may lack jurisdiction and may have to dismiss this appeal as untimely, as Appellant filed the notice of appeal twenty-nine days after the first order.

The disposition of this case depends on our interpretation of the forcible entry and detainer statute, 16 N.N.C. §§ 1801 *et seq.*, and Rule 23 of the Navajo Rules of Civil Appellate Procedure. The appellate section of the statute states

> that [e]ither party may appeal from the decision to the Supreme Court of the Navajo Nation by giving notice as in other actions and filing with the court within five days after rendition of the judgment a bond.

16 N.N.C. § 1807. This Court previously interpreted Section 1807 to require an appellant to file both the appeal bond and the notice of appeal within five days of the order. *Benally v. Navajo Housing Authority*, 3 Nav. R. 55, 55 (Nav. Ct. App. 1981). In residential cases the five days is five working days from receipt of the order. *Fort Defiance Housing Corporation v. Lowe*, 8 Nav. R. 463, 474 (Nav. Sup. Ct. 2004).

The Navajo Rules of Civil Appellate Procedure, issued in 1987, sets a different time period than the statute. Rule 23 states that

> [I]n an appeal from a judgment in a proceeding in forcible entry and detainer, the procedure and time period for filing a notice of appeal shall be the same as herein provided for appeals in these rules, except that within five days of the entry of judgment the appellant shall file with the district court an appeal bond.

The rule then allows the same time period for filing a notice of appeal as other cases, thirty days. NRCAP 8(a). Under the rule, an appellant needs to file an appeal bond within five days, but may wait up to thirty days to file the notice of appeal. The question in this case is then how the Court should resolve the

---

1 In their motions the parties assume the question turns on the appropriateness of the first appeal that this Court dismissed. Normally we would lose jurisdiction to hear the merits of the original appeal once the case was dismissed, as the new notice of appeal is outside the thirty day appeal time under Rule 8(a) of the Navajo Rule of Civil Appellate Procedure (NRCAP). This Court cannot extend that appeal time. NRCAP 5(b). However, in reviewing our justification for dismissing the original appeal, that the lower court granted a stay, we find we were incorrect to dismiss the case. Therefore, we consider the appeal as originally filed.

conflict between the statute and the rule.[2]

In a direct conflict between a statute passed by the Navajo Nation Council and a rule approved by this Court, the statute must prevail.[3] This Court has already stated that the statute requires filing of the notice of appeal within five days. *Benally,* 3 Nav. R. 55. Our rule purports to extend that period to thirty days. This Court may set our own rules when specifically authorized in the Navajo Nation Code. *See* 7 N.N.C. § 601. However, the doctrine of separation of powers in our Navajo form of government prevents this Court from setting rules that directly contradict a clear mandate of the Council. The thirty day period of Rule 23 therefore cannot override the five day period mandated by 16 N.N.C. § 1807. We therefore cannot apply Rule 23, and we instruct practitioners to disregard its timing requirement.

Based on the above, we hold that the time to file a notice of appeal in a forcible entry and detainer case is the same as the time to file the appeal bond: five working days from the receipt of the order. This Court must dismiss any appeals when a notice of appeal is untimely filed, as we cannot extend the time for a notice of appeal. NRCAP 5(b).

## IV

Though we hold today that a tenant appellant must file a notice of appeal within five working days of receipt of the eviction order, we will not dismiss this case for that reason. Under the rule announced today, we might have to dismiss this case, as Appellant filed her notice of appeal twenty-nine days after the first eviction order. Appellant argues that that order was not "final" to trigger her obligation to file. Appellant further argues that her motion for reconsideration tolled the time period to file her appeal. Appellee disagrees, arguing that it was the final order, and that any subsequent orders were mere clarifications, and did not change the substantive ruling. We do not need to resolve this issue, as we decline to hold Appellant responsible for the conflict caused by the contradictory

2 As this Court already has interpreted the language of Section 1807 to require a notice of appeal to be filed within five days, we do not apply the interpretive tools used in *Fort Defiance Housing Corporation v. Lowe,* 8 Nav. R. 463, 475 (Nav. Sup. Ct. 2004).

3 We give deference to laws duly passed by the Council, and the policy that they are to be interpreted in light of Navajo experience and Navajo Common Law. *See In re Harvey,* 6 Nav. R. 413 (Nav. Sup. Ct. 1991). Our forcible entry and detainer statute remains unchanged since 1969, and we affirm here what we originally stated in 1981: that the language of Section 1807 is "poorly-worded and archaic, as are the provisions as to forcible entry and detainer in general." *Benally,* at 55. Especially in light of the passage of Resolution CN-69-02 and the mandate to consider *Diné bi beenahaz'áanii,* we hope that the Council will consider redrafting and improving our forcible entry and detainer provisions.

4 This Court has never stated whether we can choose to apply a decision prospectively, that is, only to cases that are filed after we issue a decision. We generally apply our decisions retroactively, meaning that the rule of the case applies (continued on page 500)

time periods set in the statute and the rule. We therefore conclude that the case, and all forcible entry and detainer cases pending before our Court, will not be dismissed as long as they were filed within the thirty day period allowed by Rule 23. However, all future appeals must comply with the five day rule announced today.[4]

## V

Through the notice of appeal was timely filed, the lack of an appeal bond creates a separate jurisdictional defect. Under *Lowe* we do not have jurisdiction over this dispute until Appellant complies with bond conditions or receives a waiver of the bond by the district court. Therefore we DISMISS this appeal and REMAND the case to the district court to set a bond consistent with *Lowe*. Appellant shall have five working days from receipt of the order to fulfill its conditions or to file a request for a waiver. If the district court grants the waiver, or if Appellant fulfills the bond conditions, she may refile her appeal. Consistent with today's opinion, the notice of appeal must be filed within the five working days after the district court's order.

both to the parties before us in a case, *see, e.g., Lowe*, 8 Nav. R. 463 (remanding case to lower court to set appeal bond based on ruling on due process requirements), and to all similarly situated appeals pending at the time of the decision, *see e.g., Dale Nicholson Trust v. Chavez*, 8 Nav. R. 417 (Nav. Sup. Ct. 2004) (applying rule of *Nelson v. Pfizer*, 8 Nav. R. 364 (Nav. Sup. Ct. 2003) to case). Also, our decisions apply to all cases pending in the trial courts and administrative agencies, meaning that they must apply our decisions to all cases pending at the time of our decision. The United States Supreme Court follows the general rule that decisions interpreting federal law are to be applied retroactively. *Harper v. Virginia Department of Taxation*, 509 U.S. 86, 96 (1993). Some state courts, such as New Mexico, recognize a state constitutional power of courts to choose to apply a case prospectively or retroactively. *Beavers v. Johnson Controls World Services, Inc.*, 881 P.2d 1376, 1381-83 (N.M. 1994).

Fairness to the parties and the promotion of community harmony empower us to apply a case only prospectively. As a general rule, this Court must provide due process through fundamental fairness and the Navajo value of *k'é. See Lowe*, 8 Nav. R. 463, 475. That mandate provides us with the authority to shape relief to the parties in the case and other parties affected by our decision. In this case, confusion arose based on a rule of our Court that contradicts a statutory mandate. Fundamental fairness and the promotion of community harmony mean that we should not penalize Appellant for the conflict between the statute and our rules, particularly when a home is at issue. *See Lowe*, 8 Nav. R. 463, 474 (describing importance of home to Navajo people in context of Navajo due process). Absent explicit language indicating our choice to apply our decision prospectively, however, we continue to recognize a general rule that our decisions apply retroactively, both to the parties and to similarly situated parties with pending cases in our Court or in lower courts or administrative agencies.