OPINION

This matter comes before the Court on Appellants’ Petition for Reconsideration of this Court’s dismissal of their appeal for failure to file a transcript. The Court grants the reconsideration, and issues this opinion to again clarify the appellate rules concerning transcripts.
I
The relevant facts are as follows. Appellants appealed a decision of the Crown-point District Court. They did not file a transcript of the lower court proceeding within thirty days of the notice of appeal, as required by Rule 9(a) of the Navajo Rules of Civil Appellate Procedure (NRCAP). They did not seek and extension of the time to file the transcript, and did not file a pleading indicating they intended not to file a transcript. Pursuant to NRCAP 10(c), the Court dismissed the appeal. Appellants filed their Petition for Reconsideration, contending that their appeal concerns purely a question of law, and therefore a transcript is not required.
II
The issue in this case is whether an appellant has an affirmative duty to notify the Supreme Court that it intends not to file a transcript because he or she believes a transcript is not necessary to resolve the appeal.
*795 III
Like another recent case, Thompson v. Yazzie, No. SC-CV-21-06, 2006 WL 6171160, 6 Am. Tribal Law 764 (Nav.Sup. Ct.2006), the Court is again required to clarify its rules regarding the filing of transcripts. In Thompson, the Court confirmed that a transcript is required in all appeals, and the Court will dismiss appeals if appellants do not file one, unless one of several exceptions exists. Id., at 6 Am. Tribal Law at 765, 2006 WL 6171160 at *1. This opinion concerns the first exception: where an appellant deems no part of the transcript to be necessary to decide the appeal. NRCAP 9(b)(1). Appellants argue that a transcript is not necessary when the appeal concerns a question of law, and therefore it is improper for the Court to dismiss the case for a lack of a transcript in such circumstances. Appellants are correct that in appeals concerning purely legal questions, which do not require the review of factual findings or evidentiary matters, but concern only the interpretation and application of legal principles, a transcript is not required.
 The question in this case is whether an appellant can do nothing to inform the Court that he or she believes a transcript is not necessary, and yet still expect the Court to not dismiss the case. While a transcript is not necessary in this type of appeal, the Court cannot guess that the appellant is appealing a purely legal question based on the notice of appeal, which usually does not indicate the grounds for the appeal. Therefore, to avoid confusion and to make sure appellants live up to their responsibilities concerning the appellate record, the Court holds that an appellant has an affirmative duty to inform the Court and the other parties in the case that he or she believes that a transcript is not necessary to the appeal, and will not be filed. Absent that notice, the Court will conclude that a transcript simply has not been filed, and, absent a request and grant of an extension, the Court will dismiss the appeal.
The only remaining question is whether the Court will apply this rule to the present case. As Appellants did not inform the Court of their intention not to file a transcript, application of the duty to file a notice would require the Court to uphold the dismissal of this appeal. However, Appellants correctly point out that the Court has not been consistent over the years, and has allowed some cases to move forward despite the lack of timely filing of a transcript when purely legal questions are involved. See, e.g., Burnside v. Thriftway Marketing Corp., 7 Nav. R. 152, 157 (Nav.Sup.Ct.1995) (noting lack of timely filing of the transcript, but denying motion to dismiss for defect). The Court therefore uses its discretion to apply the rule in this case prospectively to only those cases filed after the date of this opinion. See Fort Defiance Housing Corp. v. Allen, No. SC-CV-01-03, 5 Am. Tribal Law 408, 411, 2004 WL 5658711 at *2-3 n. 4 (Nav.Sup.Ct. 2004) (Court has authority based on k’é to apply rule announced in opinion only to cases filed after date of opinion).
IV
Based on the above, the Court GRANTS the reconsideration and REINSTATES the appeal. The Clerk of the Supreme Court shall issue a Rule 10(b) notice immediately to allow the parties to file their briefs.