OPINION

This matter comes before the Court on Appellees’ motion to dismiss appeal. The Court grants the dismissal, and issues this opinion to clarify the appellate rules concerning the requirements for informing the Court that the transcript is not necessary to decide the appeal.
I
Appellants appealed a decision of the Office of Hearings and Appeals (OHA). Appellants did not file a transcript of the lower administrative agency’s proceeding within 30 days of the date of filing the notice of appeal as required by Rule 9(a) of the Navajo Rules of Civil Appellate Procedure (NRCAP). Appellants, however, filed a pleading informing this Court that they had requested of OHA an extension to file the transcript within 45 days of the date of filing the notice of appeal; to the Court this was Appellants’ indication that the transcript was necessary to decide the appeal and, therefore, would be filed.[1] Only after the extension period lapsed with no filing of the transcript, Appellants gave notice to the Court that they are appealing on strictly legal grounds and that a transcript is not necessary to decide the appeal.
II
This issue in this case is whether the appellants, within the time frames prescribed by Rule 9, lived up to their affirmative duty to inform the Supreme Court and the other parties in the case that the transcript is not necessary to decide the appeal and will not be filed.
III
The appellate rules are explicit as to when the record on appeal must be transmitted to the Supreme Court. The record on appeal, comprised of the original *368 copy of the lower court record and the transcript of the lower court proceeding or narrative or agreed statement, is due within 30 days from the date of the filing of the notice of appeal. See NRCAP Rule 9(a)(l)-(2). The appellant has an affirmative duty to ensure its timely transmittal from the lower court or administrative agency to the Supreme Court. To ensure compliance, Rule 9(b)(1) provides:
No later than 10 days after filing of the Notice of Appeal, the appellant is explicitly required to order from a reporter or transcriber an original and one copy of a transcript, if any, of such parts of the proceedings necessary for inclusion in the record.
(Emphasis added). Within 10 days of the appeal, appellant’s determination of whether or not the transcript of the proceedings or a part thereof is explicitly required. Furthermore,
Unless the entire transcript is to be included, the appellant shall, within 10 days of the notice of appeal, file a description of the parts of the transcript which he intends to include in the record and a concise statement of the issues he intends to present on appeal, a copy of which shall be served by appellant on appellee. NRCAP 9(b)(2). The concise statement of the issues is required in order to enable the appellee, in turn, to determine whether the transcript of the proceedings or a part thereof is necessary in order to defend the appeal.
In our efforts to clarify Rule 9, we further stated that:
While a transcript is not necessary in this type of appeal, the Court cannot guess that the appellant is appealing a purely legal question based on the notice of appeal, which usually does not indicate the grounds for the appeal. Therefore, to avoid confusion and to make sure appellants live up to their responsibilities concerning the appellate record, the Court holds that an appellant has an affirmative duty to inform the Court and the other parties in the case that he or she believes that a transcript is not necessary to the appeal, and will not be filed. Absent that notice, the Court will conclude that a transcript simply has not been filed, and, absent a request and grant of an extension, the Court will dismiss the appeal.
Tso v. NHA 6 Am. Tribal Law 793, 795 (Nav.Sup.Ct.2006). In Tso, the appellants did not file the transcript within 80 days of filing the notice of appeal, nor did they seek an extension or file a pleading indicating that they did not intend to file the transcript, and the Court dismissed the appeal. It was not until they filed for reconsideration that they informed the Court that their appeal concerned a question of law and that a transcript was not required. Recognizing its inconsistencies with regard to allowing certain appeals to go forward despite the lack of timely filing of transcripts, the Court in Tso granted appellant’s reconsideration and definitively stated the above rule to be applied prospectively.
Unlike the appellants in Tso, the Appellants herein filed a notice that they intended to file the transcript, sought an extension to do so, and only after the extension period had lapsed without the filing of the transcript, the Appellants informed the Court of its intention not to file the transcript. Appellants not only failed to live up to their affirmative duty to inform the Court and the other parties that the transcript is not necessary to the appeal, Appellants failed to provide such notifications within the time frames prescribed by Rule 9. Appellants herein did. not give any notice within 10 days of filing the Notice of Appeal that they would not require part or all of the transcript in this *369 appeal, as required by NRCAP 9(b)(2). Further, Appellants did not give a concise statement of the issues they intended to present on appeal as required by NRCAP 9(b)(2).
Time frames are set to process litigation in an orderly fashion. Requirements are made to have appellants decide at an early stage in the appeal what issues they are appealing, if they need or do not need the transcript or only a portion of the transcript, and to make satisfactory arrangements to that effect; this provides due process to the appellee who may then request, of the appellant, any additional partís) of the transcript pursuant to Rule 9(b)(2). Failure or delay in compliance with these requirements shall be cause for sanctions. See NRCAP Rule 9(b)(3) and 29. Additionally, we have found that “(j]ustice, fairness to all litigants, and judicial efficiency demand” that, absent a showing of “good cause,” violations of the procedural rules will be construed as evidence of a lack of good faith and as an adequate basis for dismissal of the appeal. Silver v. Keyonnie, 6 Nav. R. 357, 358 (Nav.Sup.Ct.1991). We find that not only did Appellants lead this Court to believe that the transcript was necessary to decide the appeal and would be filed, the Appellants also inordinately delayed the appeal with needless extensions—evidence of a lack of good faith. Dismissal is thus warranted in this appeal.
IV
Based on the above, the Court hereby DISMISSES the appeal pursuant to NRCAP Rules 10(c) and 29.

. From the record it is unclear if the OHA granted Appellant's request for an extension. Nevertheless, the Court treats an inaction of a lower tribunal to a transcript extension request as an automatic grant of a 15 day extension, and the Court will not dismiss an appeal if the transcript is filed within the extended time period. Thompson v. Yazzie, No. SC-CV-21-06, 6 Am. Tribal Law 764, 766-67 (Nav.Sup.Ct.2006).