OPINION

This matter comes before the Court on Petitioner’s Motion to Rehear Case in a special action for a writ of habeas corpus. The Court accepts the pleading as if a motion for leave to file such a petition had been filed, denies the motion, and issues this opinion to clarify the appellate rules concerning petitions for reconsideration in special actions.
I
On December 13, 2011 Petitioner filed a petition for writ of habeas corpus alleging he was being illegally detained after being found in contempt of court for violating a protection order. Petitioner asserted that the protection order was invalid and unenforceable. On December 14, 2011 the Chief Justice summarily denied Petitioner’s request having found that Petitioner presented no facts supporting an illegal detention. Petitioner then filed this Motion to Rehear case on December 28, 2011.
A petition for a writ of habeas corpus, or any other extraordinary writ, is a petition for special action. Unlike the right to appeal, there is no right to a special action because it is discretionary. Rules regarding reconsideration of decisions declining to accept jurisdiction of special actions are strictly applied in the interest of finality. Pursuant to Rule 19(d) of the Navajo Rules of Civil Appellate Procedure, “[u]n~ less permitted by specific order of the Supreme Court, no party shall file a petition for reconsideration of: ... (2) an order declining to accept jurisdiction of a petition for special action.” We interpret Rule 19(d) to mean that a petitioner must first request this Court’s leave to file for a reconsideration, and without leave of this court, a petition for reconsideration of a special action order will not be entertained.
In this case, Petitioner did not first seek leave of this Court prior to filing his motion. In the interest of fundamental fairness, the Court uses its discretion to apply the rule in this case prospectively to only those cases filed after the date of this opinion. See Fort Defiance Housing Corp. v. Allen, 8 Nav. R. 492, 499 n. 4, 5 Am. Tribal Law 408 (Nav.Sup.Ct.2004); e.g, Tso v. NHA, 6 Am. Tribal Law 793, 795 (Nav.Sup.Ct.2006). Petitioner’s Motion to Rehear Case will, therefore, be accepted by this Court as if a motion for leave per Rule 19(d) had been filed. In the future, motions for leave to file a petition for a reconsideration shall be filed, and shall contain the basis for the reconsideration petition in sufficient detail for the Court to rule on the motion for leave.
Petitioner re-argues his case by asserting the Chief Justice’s decision to deny his petition for a writ of habeas corpus failed to address and explain whether the extension of the DAPO being enforced was valid. The Chief Justice, in his order of denial, stated that since it had been ten months since the DAPO extension was issued and “well beyond any reasonable time frame for Petitioner to challenge the validity of the DAPO,” the DAPO is “valid and enforceable.” See Order Denying Writ of *187 Habeas Corpus at 3 (December 14, 2011). Petitioner’s argument is without merit. The Chief Justice did explain his decision to deny the writ of habeas corpus, and he was not required to do so. Otherwise, we note that the Court is, nevertheless, not required to give a reason for denying a petition for an extraordinary writ or declining jurisdiction of an extraordinary writ.
Petitioner’s motion for leave to file a petition for reconsideration is hereby DENIED. This matter is CLOSED.