OPINION

This matter comes before the Court after the appellant filed an uncertified transcript for inclusion in the record on appeal. The Court holds an uncertified transcript cannot be included as part of the official record. The Court provides appellant additional time to file a certified transcript. The Court issues this opinion to clarify the rules on transcription.
I
On December 3, 2015 Tony K. Lee (Appellant) filed a Notice of Appeal concerning a Domestic Abuse Protection Order issued by the Shiprock Family Court. Pursuant to Rule 9(a)(2) of the Navajo Rules of Civil Appellate Procedure (NRCAP), the Shiprock Family Court transmitted the original case file with an indexed listing of its contents to the Supreme Court on December 9, 2015. The case file did not include a required transcript.
On January 4, 2016, which was the last day to transmit the record on appeal, Appellant filed a Transcript of the Proceeding along with a Notice of Filing Transcript in the Supreme Court. Generally, a transcript includes the name of the transcriber and his or her certification that the completed transcript is an accurate transcription of the recorded proceeding. The Transcript of the Proceeding, however, was without the name and certification of the person who transcribed the audio recording of the November 18, 2015 proceeding.
The filing of the case file and uncertified transcript prompts the Court’s sua sponte review of the record pursuant to Rule 10 of the NRCAP. At this juncture in the appeal, the Court may summarily dismiss the appeal on its own motion if the appellant fails to timely transmit the record, N.R.C.A.P. 10(c), or it may give notice of the filing of the record setting the matter for briefing, N.R.C.A.P. 10(b). The decision to either dismiss or set the matter for briefing necessitates our consideration of the following issue.
II
The issue in this case is whether an appellant can file a transcript lacking certification that the completed transcript is an *338 accurate transcription of the recorded proceeding for inclusion in the record on appeal.
Ill
On more than one occasion, the Court has clarified Rule 9 of the NRCAP as to the filing of a transcript. The filing of an uncertified transcript, however, is one of first impression.
“A transcript is required in all cases, except in circumstances where an appellant deems no part of the transcript to be necessary to decide the appeal, [Rule] 9(b)(1), when a transcript cannot be made due to the unavailability or inaudibility of the recording, in which case the appellant files a narrative statement, 9(c), or when the parties submit an agreed statement describing the evidence presented in the lower tribal, 9(d).” Thompson v. Yazzie, 6 Am. Tribal Law 764, 767 (Nav.Sup.Ct. 2006). If a transcript is required, like in the case at bar, the appellant is required to file a written transcript with the clerk of the district court or administrative agency within the period for transmitting the record, N.R.C.A.P. 9(b)(4), for inclusion in the record on appeal, N.R.C.A.P. 9(a)(1). In fulfilling this requirement, Rule 9(b)(1) states “No later than 10 days after filing the Notice of Appeal, the appellant shall order from the reporter or transcriber an original and one copy of a transcript, if any, of such parts of the proceedings necessary for inclusion in the record.” “At the time of ordering, the party ordering shall make satisfactory arrangements with the reporter or transcriber for payment of the cost of the transcript and file a notice in the Supreme Court to that effect.” N.R.C.A.P. 9(b)(3). Here, Appellant did not file notice of satisfactory arrangements. Appellant filed a transcript lacking the name of the transcriber and his or her certification in the Supreme Court on the last day for transmitting the record.
Simply because Appellant filed what he identified as the transcript does not mean the document is sufficient for inclusion in the record for a transcript serves several important functions for the Court upon appellate review. “It sets out the evidence presented to the lower court or tribunal, allowing this Court to review whether the findings of fact are supported by the evidence. It also shows when and why evidence or motions were accepted or denied, and ideally, the reasons for those decisions, allowing the Court to review whether the lower court abused its discretion.” Thompson v. Yazzie, supra at 766. As the official record of the recorded proceeding, the transcript discloses what actually occurred in the district court or in the administrative proceeding by documenting everything introduced or said in the proceeding, whether by the judge, the attorneys, or witnesses.
Rule 9(b)(l)’s requirement that the appellant order a transcript “for inclusion in the record” demands the filing of a certified transcript that the district court or administrative agency can trust as conforming to the truth of its proceeding. The certified transcript ordered from a transcriber, a neutral professional with no interest in the outcome of the appeal, protects the court of record from incorporating a transcript which may adversely affect the fair and impartial portrayal of the proceeding. Although disputes concerning a transcript are submitted to and settled by the court or agency after being raised by the parties themselves, see N.R.C.A.P. 9(e), the court or administrative agency as guardian of the record will ensure the record on appeal, including the transcript, conforms to the truth by transmitting a certified transcript. We therefore hold an *339 appellant cannot file an uncertified transcript for inclusion in the record on appeal.
As further clarification, the requirement of the appellant to file the transcript in the district court or administrative agency will be strictly enforced. N.R.C.A.P. Rule 9(b)(4). The filing of the transcript in the trial court ensures the complete record on appeal is documented before transmittal, N.R.C.A.P. 9(a)(2), and appellee is provided with a copy of the transcript or has access to the transcript, N.R.C.A.P. 9(b)(4).
In circumstances where the transcript is filed after the case file is transmitted, like in the case before us, the clerk of the district court or administrative agency shall transmit the original transcript with an amended index (listing the additional filing of the transcript) to the Supreme Court. The clerk of the district court or administrative agency shall serve a copy of the amended index upon all parties to the appeal. N.R.C.A.P. 9(a)(2). This does not relieve the appellant of duty of his or her duties under the rules. Notice of the filing of the transcript shall be served by the appellant upon the other parties to the appeal. N.R.C.A.P. 9(b)(4).
The next question is whether the Court will apply this ruling to the present case. Generally, our decisions apply retroactively to the parties and to similarly situated parties with pending cases in our Court or in lower courts or administrative agencies. Fort Defiance Housing Corp. v. Allen, 8 Nav. R. 492, 499 n. 4 (Nav.Sup.Ct.2004) (citing Dale Nicholson Trust v. Chavez, 8 Nav. R. 417 (Nav.Sup.Ct.2004)), although the Court also has authority based on due process, through fundamental fairness and ⅛⅞ to apply our decisions prospectively. Id. The Court therefore uses its discretion to apply the rule announced to the present case for our review of a certified transcript is essential in our appellate review and duty to provide a just decision. However, Appellant will be given additional time to file a certified transcript in the trial court.
IV
Appellant shall file a certified transcript in the trial court within 30 days of this opinion.